*Peter M. Lively, 162686*
Law Office of Peter M. Lively
11268 Washington Boulevard, Suite 203
Culver City, California 90230-4647
Telephone: (310) 391-2400
Facsimile: (310) 391-2462
Email Address: PeterMLively@aol.com

■ Attorney for Debtor(s),
State Bar I.D. No. 162686

❏ Debtor(s) in Pro Se  (Any reference to the singular shall include the plural in the case of joint debtors.)

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| List all names (including trade names) used by the debtor within the last 8 years:<br><br>Dean Allen Marone and Dawn Michelle Marone | Chapter 13<br><br>Case Number: 1:12-bk-11741-AA<br><br>**CHAPTER 13 PLAN**<br><br>CREDITOR'S MEETING:<br>Date: April 4, 2012<br>Time: 10:00 a.m.<br>Place: 21051 Warner Center Lane, Room 105<br>Woodland Hills, California 91367<br><br>CONFIRMATION HEARING:<br>Date: May 10, 2012<br>Time: 10:00 a.m.<br>Place: 21041 Burbank Blvd, Courtroom 303<br>Woodland Hills, California 91367 |
|---|---|

## NOTICE

This Chapter 13 Plan is proposed by the above Debtor. The Debtor attests that the information stated in this Plan is accurate. Creditors cannot vote on this Plan. However, creditors may object to this Plan being confirmed pursuant to 11 U.S.C. §1324. Any objection must be in writing and must be filed with the court and served upon the Debtor, Debtor's attorney (if any), and the Chapter 13 Trustee not less than 7 days before the date set for the meeting of creditors. Unless an objection is filed and served, the court may confirm this chapter 13 plan. The Plan, if confirmed, modifies the rights and duties of the debtor and creditors to the treatment provided in the Plan as confirmed, with the following IMPORTANT EXCEPTIONS:

Unless otherwise provided by law, each creditor will retain its lien until the earlier of payment of the underlying debt determined under non-bankruptcy law or discharged under 11 U.S.C. §1328. If the case under this chapter is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.

Defaults will be cured using the interest rate set forth below in the Plan. Any ongoing obligation will be paid according to the terms of the plan.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California
Revised November 2006

F 3015-1.1

**HOLDERS OF SECURED CLAIMS AND CLASS 1 CLAIMANTS WILL BE PAID ACCORDING TO THIS PLAN AFTER CONFIRMATION UNLESS THE SECURED CREDITOR OR CLASS 1 CLAIMANT FILES A PROOF OF CLAIM IN A DIFFERENT AMOUNT THAN THAT PROPOSED IN THE PLAN.** If a secured creditor or a class 1 creditor files a proof of claim, that creditor will be paid according to that creditor's proof of claim, unless the court orders otherwise.

**HOLDERS OF ALL OTHER CLAIMS MUST TIMELY FILE PROOFS OF CLAIMS, IF THE CODE SO REQUIRES, OR THEY WILL NOT BE PAID ANY AMOUNT.** A Debtor who confirms a Plan may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. §1328.

The Debtor proposes the following Plan and makes the following declarations:

## I. PROPERTIES AND FUTURE EARNINGS OR INCOME SUBJECT TO THE SUPERVISION AND CONTROL OF THE TRUSTEE:

The Debtor submits the following to the supervision and control of the trustee:

A. Payments by Debtor of $**2,267.50** per month for **60** months. This monthly payment will begin within 30 days of the date the petition was filed.

B. The base plan amount is $**136,050.00** Which is estimated to pay **28** % of the allowed claims of nonpriority unsecured creditors. If that percentage is less than 100%, the Debtor will pay the Plan Payment stated in the Plan for the full term of the Plan or until the base plan amount is paid in full, and the Chapter 13 Trustee may increase the percentage to be paid to creditors accordingly.

C. Amounts necessary for the payment of post petition claims allowed under 11 U.S.C. §1305.

D. Preconfirmation adequate protection payments for any creditor who holds an allowed claim secured by personal property where Such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in the plan. Preconfirmation adequate protect payments and preconfirmation lease payments will be paid to the Chapter 13 Trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account # | Amount |
|---|---|---|---|
| CIG Financial, LLC. | 2007 GMC Yukon SLE | 0019 | $314.48 |
|  |  |  | $ |
|  |  |  | $ |

Each adequate protect payment or preconfirmation lease payment will commence on or before the 30th day from the date of filing of the case. The Chapter 13 Trustee shall deduct the forgoing adequate protection payment(s) and/or preconfirmation lease payment from the Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured creditor(s) at the next available disbursement or as soon as practicable after the payment is received and posted to the Chapter 13 Trustee's account. The Chapter 13 Trustee will take his or her statutory fee on all disbursements made for preconfirmation adequate Protection payments or preconfirmation lease payments.

E. Other property: _____
   (specify property or indicate none)

## II. ORDER OF PAYMENTS; CLASSIFICATION AND TREATMENT OF CLAIMS:
Except as otherwise provided in the plan or by court order, the Chapter 13 Trustee shall disburse all available funds for the payment of claims as follows:

A. ORDER OF PAYMENTS:

1. If there are Domestic Support Obligations, the order of priority shall be:.

   (a) Domestic Support Obligations and the Chapter 13 Trustee's fee not exceeding the amount accrued on payments to date;

   (b) Administrative expenses (Class 1(a)) in an amount not exceeding **89** % of each Plan Payment until paid in full;

2. If there are no Domestic Support Obligations, the order of priority shall be the Chapter 13 Trustee's fee not exceeding the amount accrued on payments made to date, and administrative expenses (Class 1(a)) in an amount not exceeding __89__ % of each Plan Payment until paid in full.

3. Notwithstanding 1 and 2 above, ongoing payments on secured debts that are to be made by the Chapter 13 Trustee from the Plan Payment; such secured debt may be paid by the Chapter 13 Trustee commencing with the inception of Plan Payments.

4. Subject to 1, 2 and 3 above, pro rata to all other claims except as otherwise provided in the Plan.

5. No payment shall be made on non-priority unsecured claims until all secured and priority claims have been paid in full.

B. CLASSIFICATION AND TREATMENT OF CLAIMS:

### CLASS 1

### ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. § 507

The Debtor will pay Class 1 claims in full; except the debtor may provide for less than full payment of Domestic Support Obligations pursuant to 11 U.S.C. §1322(a)(4).

| CATEGORY | AMOUNT OF PRIORITY CLAIM | INTEREST RATE, if any | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|

a. Administrative Expenses

(1) Chapter 13 Trustee's Fee - estimated at 11% of all payments to be made to all classes through this Plan.

| | | | | | |
|---|---|---|---|---|---|
| (2) Attorney's Fees | $ 1,764.00 | | $882.00 | 2, 1st - 2nd | $ 1,764.00 |
| (3) Chapter 7 Trustee's Fees (Specify Trustee Name) | $ | | $ | | $ |
| (4) Other | $ | | $ | | $ |

b. Other Priority Claims

| | | | | | |
|---|---|---|---|---|---|
| (1) Internal Revenue Service | $ 13,949.63 | 0% | $ 232.50 | 46, 19th - 60th | $13,949.63 |
| (2) Franchise Tax Board | $ 7,115.47 | 0% | $ 180.15 | 46, 19th - 60th | $ 7,115.47 |
| (3) Domestic Support Obligations | $ | | $ | | $ |
| (4) Other: Child Support Obligations | $ 20,000.00 | 0% | $ 1,700.00 | 12, 3rd - 18th | $ 20,000.00 |

c. Domestic Support Obligations that are not to be paid in full through the Plan (Specify Creditor Name):

| | | | | | |
|---|---|---|---|---|---|
| | $ | % | $ | | $ |

Revised November 2006　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　F 3015-1.1

## CLASS 2

### CLAIMS SECURED SOLELY BY PROPERTY THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE ON WHICH OBLIGATION MATURES AFTER THE FINAL PLAN PAYMENT IS DUE

1. ☐ The post-confirmation monthly mortgage payment will be made by the Chapter 13 Trustee from the Plan Payment to:

2. ☐ The post-confirmation monthly mortgage payment will be made by the Debtor directly to:

_____     _____
(name of creditor)                                            (last 4 digits of account number)

_____     _____
(name of creditor)                                            (last 4 digits of account number)

The Debtor will cure all pre-petition arrearages for the primary residence through the Plan Payment as set forth below.

### Cure of Default

| Name of Creditor | Last Four Digits of Account Number | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|---|
|  |  | $ | % | $ |  | $ |
|  |  | $ | % | $ |  | $ |

## CLASS 3

### CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE PAID IN FULL DURING THE TERM OF THE PLAN

| Name of Creditor | Last Four Digits of Account No. | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | EQUAL MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|---|---|
| CIG Financia, LLC | 0019 | $16,766.00 | $16,766.00 | 4.75% (prime plus 1.5%) | $314.48 | 60 | $18,868.80 |
|  |  | $ | $ | % | $ |  | $ |

## CLASS 4

**OTHER SECURED CLAIMS ON WHICH THE LAST PAYMENT IS DUE AFTER THE DATE ON WHICH THE FINAL PAYMENT UNDER THE PLAN IS DUE**

1. ❏ The post-confirmation monthly mortgage payment will be made by the Chapter 13 Trustee from the Plan Payment to:
2. ❏ The post-confirmation monthly mortgage payment will be made by the Debtor directly to:

_____    _____
(name of creditor)                (last 4 digits of account number)

_____    _____
(name of creditor)                (last 4 digits of account number)

The Debtor will cure all pre-petition arrearages for the primary residence through the Plan Payment as set forth below.

### Cure of Default

| Name of Creditor | Last Four Digits of Account Number | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|---|
|  |  | $ | % | $ |  | $ |
|  |  | $ | % | $ |  | $ |

## CLASS 5

### NON-PRIORITY UNSECURED CLAIMS

The Debtor estimates that non-priority unsecured claims total the sum of $ **217,071.60**.

Class 5 claims will be paid as follows:

(Check only one box)

■ Class 5 claims (including allowed unsecured amounts from Class 3) are of one class and will be paid pro-rata.

OR

❏ Class 5 claims will be divided into subclasses as shown on the attached exhibit (which also shows the justification for the differentiation among subclasses) and the creditors in each subclass will be paid pro rata.

### III. COMPARISON WITH CHAPTER 7

The value as of the effective date of the Plan of property to be distributed under the Plan on account of each allowed claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under Chapter 7 of the Bankruptcy Code on such date. The amount distributed to nonpriority unsecured creditors in Chapter 7 would be $ **0** which is estimated to pay **0** % of the scheduled nonpriority unsecured debt.

IV. PLAN ANALYSIS

| | |
|---|---|
| CLASS 1a | $1,764.00 |
| CLASS 1b | $41,065.10 |
| CLASS 1c | $ |
| CLASS 2 | $ |
| CLASS 3 | $18,868.80 |
| CLASS 4 | $ |
| CLASS 5 | $60,869.67 |
| SUB-TOTAL | $122,567.57 |
| CHAPTER 13 TRUSTEE'S FEE (ESTIMATED 11% unless advised otherwise) | $13,482.43 |
| TOTAL PAYMENT | $136,050.00 |

V. OTHER PROVISIONS

   A. The Debtor rejects the following executory contracts and unexpired leases:

_____

   B. The Debtor assumes the executory contracts or unexpired leases set forth in this section. As to each contract or lease assumed, any defaults therein and Debtor's proposal for cure of said default(s) is described in Class 4 of this Plan. The Debtor has a leasehold interest in personal property and will make all post-petition payments directly to the lessor(s):

   C. In addition to the payments specified in Class 2 and Class 4, the Debtor will make regular payments, including any pre-confirmation payments, directly to the following:

   D. The Debtor hereby surrenders the following personal or real property: (Identify property and creditor to which it is surrendered)

   E. The Debtor shall incur no debt greater than $500.00 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

   F. Miscellaneous provisions: (Use Attachment, if necessary):

   G. The Trustee is authorized to disburse funds after the date of confirmation in open court.

H. The Debtor will pay timely all post-confirmation tax liabilities directly to the appropriate taxing authorities as they come due.

I. The Debtor will pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the petition.

## VI. REVESTING OF PROPERTY

Property of the state shall not revest in the Debtor until such time as a discharge is granted or the case is dismissed or closed without discharge. Revestment shall be subject to all liens and encumbrances in existence when the case was filed, except those lines avoided by court order or extinguished by operation of law. In the event the case is converted to a case under Chapter 7, 11 or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the Plan, the Chapter 13 Trustee shall have no further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale or refinance as required by the Local Bankruptcy Rules. Prior to any discharge or dismissal, the Debtor must seek approval of the court to purchase, sell or refinance real property.

Dated: 3/6/2012

_____
Attorney for Debtor

_____
Debtor

_____
Joint debtor

| In re: Dean Allen Marone and Dawn Michelle Marone | CHAPTER 13 |
|---|---|
| Debtor(s). | CASE NUMBER 1:12-bk-11741-AA |

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 11268 Washington Boulevard, Suite 203, Culver City, California 90230-4647.

A true and correct copy of the foregoing document described CHAPTER 13 PLAN will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u> – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On March 6, 2012 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

II. <u>SERVED BY U.S. MAIL OR OVERNIGHT MAIL(indicate method for each person or entity served):</u>
On March 6, 2012 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

III. <u>SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):</u> Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 03/06/2012 | Alberto Rincon | _(signature)_ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                          F 9013-3.1

| In re: Dean Allen Marone and Dawn Michelle Marone | CHAPTER 13 |
|---|---|
| Debtor(s). | CASE NUMBER 1:12-bk-11741-AA |

ADDITIONAL SERVICE INFORMATION (if needed):

I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):

United States Trustee:
United States Trustee
ustpregion16.wh.ecf@usdoj.gov

Chapter 13 Trustee:
Elizabeth F. Rojas
cacb_ecf_sv@ch13wla.com

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL:**

**via U.S. Mail:**

SEE ATTACHED MAILING MATRIX

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1

**DEBTORS:**
DEAN ALLEN MARONE
DAWN MICHELLE MARONE
7410 SALE AVE.
WEST HILLS, CA 91307

**CREDITORS:**
AMERICAN EXPRESS
P.O. BOX 297804
FT. LAUDERDALE, FL 33329

AT&T
P.O. BOX 9039
S. SAN FRANCISCO, CA 94083

AT&T
C/O AFNI
P.O. BOX 3097
BLOOMINGTON, IL 61702

AUDI FINANCIAL SERVICES
P.O. BOX 3
HILLSBORO, OR 97123-0003

BANK OF AMERICA
C/O FIRSTSOURCE ADVANTAGE LLC
P.O. BOX 628
BUFFALO, NY 14240-0628

BANK OF AMERICA
C/O MIDLAND CREDIT MANAGEMENT
8875 AERO DRIVE
SAN DIEGO, CA 92123

BANK OF AMERICA
P.O. BOX 15026
WILMINGTON, DE 19850

BARRY IRA GOLDSTEIN & COMPANY
9663 SANTA MONICA BLVD., SUITE 239
BEVERLY HILLS, CA 90210

BEST BUY CO., INC.
P.O. BOX 15521
WILMINGTON, DE 19850-5521

BMW FINANCIAL SERVICES
5550 BRITTON PARKWAY
HALLIARD, OH 43026

CALIFORNIA STATE DISBURSEMENT UNIT
P.O. BOX 989067
WEST SACRAMENTO, CA 95798-9067

CAPITAL ONE BANK
P.O. BOX 30285
SALT LAKE CITY, UT 84130

CAPITAL ONE BANK
C/O NORTHLAND GROUP, INC
P.O. BOX 390846
MINNEAPOLIS, MN 55439

CHASE
P.O. BOX 15298
WILMINGTON, DE 19850

CHASE BANK USA, N.A.
C/O CREDIT SOLUTION CORPORATION
5454 RUFFIN ROAD, SUITE 200
SAN DIEGO, CA 92123

CIG FINANCIAL, LLC
18218 E. MCDURMOTT
IRVINE, CA 92614

CIG FINANCIAL, LLC
P.O. BOX 19795
IRVINE, CA 92623

CITI CARDS / CITIBANK
P.O. BOX 6000
THE LAKES, NV 89163

GE MONEY BANK
P.O. BOX 981127
EL PASO, TX 79998

CONSECO
11825 N. PENNSYLVANIA STREET
CARMEL, IN 46032

CONSECO
C/O ARROW FINANCIAL SERVICES
5996 W. TOUHY AVE.
NILES, IL 60714

DISH NETWORK
C/O CBCS
P.O. BOX 69
COLUMBUS, OH 43216

DISH NETWORK
C/O DC ENHANCED RECOVERY LLC
P.O. BOX 1967
SOUTHGATE, MI 48195-0967

DISH NETWORK
9601 S. MERIDIAN BLVD
ENGLEWOOD, CO 80112

ENCINO MEDICAL HOSPITAL
C/O CENTRAL FINANCE CONTROL
P.O. BOX 660873
DALLAS, TX 75266

ENCINO MEDICAL HOSPITAL
16237 VENTURA BLVD
ENCINO, CA 91436

FESIA DAVENPORT, CHIEF ATTORNEY
LOS ANGELES COUNTY CSSD-ENCINO
15531 VENTURA BLVD.
ENCINO, CA 91436-3126

FORD MOTOR CREDIT COMPANY, LLC
1335 S. CLEARVIEW AVE.
MESA, AZ 85209

FORD MOTOR CREDIT COMPANY, LLC
C/O REESE KAW GROUP
P.O. BOX 720010
SAN DIEGO, CA 92172

FRANCHISE TAX BOARD
ATTENTION: BANKRUPTCY
P.O. BOX 2952
SACRAMENTO, CA 95812

GE MONEY BANK
C/O TATE & KIRLIN ASSOCIATES
2810 SOUTHAMPTON ROAD
PHILADELPHIA, PA 19154-1207

GE MONEY BANK
C/O ARROW FINANCIAL SERVICES
5996 W. TOUHY AVENUE
NILES, IL 60714

GE MONEY BANK
C/O NORTHLAND GROUP, INC
P.O. BOX 390846
MINNEAPOLIS, MN 55436

GE MONEY BANK
P.O. BOX 981127
EL PASO, TX 79998

GE MONEY BANK
C/O CAPITAL MANAGEMENT SERVICES
726 EXCHANGE STREET, STE 700
BUFFALO, NY 14210

HSBC BANK
P.O. BOX 5253
CAROL STREAM, IL 60197

HSBC BANK
C/O MIDLAND CREDIT MANAGEMENT
8875 AERO DRIVE, SUITE 200
SAN DIEGO, CA 92123

HSBC BANK
C/O CAPITAL MANAGEMENT SERVICES, LP
726 EXCHANGE STREET, STE 700
BUFFALO, NY 14210

HSBC BANK NEVADA, N.A.
C/O ARROW FINANCIAL SERVICES
5996 W. TOUHY AVENUE
NILES, IL 60714

HSBC BEST BUY
P.O. BOX 15521
WILMINGTON, DE 19805

INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATION
P.O. BOX 7346
PHILADELPHIA, PA 19101-7346

LAND ROVER CAPITAL GROUP
P.O. BOX 542000
OMAHA, NE 68154

LBS FINANCIAL CREDIT UNION
P.O. BOX 4860
LONG BEACH, CA 90804-0860

MIDLAND FUNDING, LLC
C/O LAW OFFICE OF RORY W. CLARK
30699 RUSSELL RANCH ROAD, SUITE 215
WESTLAKE VILLAGE, CA 91362

CITIBANK SEARS PREMIER
C/O MIDLAND CREDIT MANAGEMENT, INC
P.O. BOX 60578
LOS ANGELES, CA 90060

SEARS CREDIT CARDS
C/O FBCS, INC.
2200 BYEBERRY ROAD, STE. 120
HATBORO, PA 19040

SEARS CREDIT CARDS
P.O. BOX 6283
SIOUX FALLS, SD 57117

SMART READER REWARDS BOOK CLUB
C/O RJM ACQUISITIONS, LLC.
575 UNDERHILL BLVD., SUITE 224
SYOSSET, NY 11791

SMART READER REWARDS BOOK CLUB
P.O. BOX 6455
CAMP HILL, PA 17001-9824

SOUTH VALLEY RADIOLOGY MEDICAL GROUP
P.O. BOX 645
NEWBURY PARK, CA 91319-0645

TARGET NATIONAL BANK
C/O MIDLAND CREDIT MANAGEMENT
8875 AERO DRIVE
SAN DIEGO, CA 92123

TARGET NATIONAL BANK
P.O. BOX 673
MINNEAPOLIS, MN 55440

TIME WARNER
C/O COLLECTION BUREAU OF AMERICA
25954 EDEN LANDING ROAD
HAYWARD, CA 94545

TIME WARNER CABLE
P.O. BOX 667
EL SEGUNDO, CA 90245

VERIZON WIRELESS
P.O. BOX 96088
BELLEVUE, WA 98009

VERIZON WIRELESS
C/O PINNACLE CREDIT SERVICES
P.O. BOX 640
HOPKINS, MN 55343

VW CREDIT, INC.
1401 FRANKLIN BLVD.
LIBERTYVILLE, IL 60048

WELLS FARGO HOME MORTGAGE
P.O. BOX 10335
DES MOINES, IA 50306